Michaela Battista Sozio, Esq. (SBN 179148)
Email: msozio@tresslerllp.com
TRESSLER LLP
6100 Center Drive, Suite 1175
Los Angeles, CA 90045
Telephone: (310) 203-4800
Facsimile: (323) 486-2704

Attorneys for Defendant
Netgain Technology, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gerald S. Lee, individually and on behalf of all others similarly situated and on behalf of the general public,<br><br>  Plaintiff,<br><br>  v.<br><br>Netgain Technology, LLC, and CareSouth Carolina, Inc.,<br><br>  Defendants. | No. 21-cv-1144-JLS-MSB<br><br>**DEFENDANT NETGAIN TECHNOLOGY, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: September 30, 2021<br>Time: 1:30 p.m.<br>Courtroom: 4D |

PLEASE TAKE NOTICE that on September 30, 2021 at 1:30 p.m., or as soon thereafter as counsel may be heard before the Honorable Janis L. Sammartino, in Courtroom 4D of the United States District Court, Southern District of California, located at 221 West Broadway, San Diego, California, 92101, Defendant Netgain Technology, LLC ("Netgain") will and hereby does move for an order dismissing the Class Action Complaint against it in this matter based upon Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

Plaintiff Gerald S. Lee has failed to establish a prima facie case of personal jurisdiction. The Court lacks general and specific personal jurisdiction over Netgain. The Court lacks general jurisdiction over Netgain because it is not at home in California; it is a Delaware limited liability company, with a principal place of business in Minnesota, and its small office in California staffed by only a few employees is insufficient to establish the continuous and systematic contact necessary to give rise to general jurisdiction. The Court lacks specific jurisdiction over Netgain because none of Mr. Lee's claims arise out of Netgain's contacts with California, Mr. Lee is a resident and citizen of South Carolina, and his claims arise out of transactions with his health care provider, Defendant CareSouth Carolina, Inc., exclusively in South Carolina. The Court should therefore dismiss Mr. Lee's claims against Netgain for lack of personal jurisdiction.

This Motion is based on this Notice of Motion, Memorandum of Points and Authorities in support thereof, Defendants' anticipated Reply, the Declaration of Jaime Gleason, the Court's records and files in this Action, and all other evidence and argument that the Court may receive in advance of or at the hearing on this Motion.

August 19, 2021                             TRESSLER LLP

                                            By:    /s/ Michaela Battista Sozio
                                                   Michaela Battista Sozio
                                                   Attorneys for Defendant
                                                   Netgain Technology, LLC

LA#4833-9399-2950

2

DEFENDANT NETGAIN'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 21-cv-1144-JLS-MSB

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

There is no material relationship between any of the parties to this lawsuit, the alleged claims, and the State of California. Plaintiff Gerald S. Lee is not a citizen or resident of California. His claims arise out of information he provided to his healthcare provider, CareSouth Carolina, Inc. ("CareSouth"), who is also not a citizen or resident of California, while they were in South Carolina. Mr. Lee alleges he suffered injuries as a result of a criminal ransom ware attack against Netgain Technology, LLC ("Netgain"), who provides IT services to CareSouth, and is also not a resident or citizen of California. The only relationship between Netgain and California is its satellite office staffed by only a few employees. These allegations are insufficient to establish that the Court has general or specific personal jurisdiction over Netgain. As a result, the Court should dismiss the Class Action Complaint (the "Complaint").

## II.  JURISDICTIONAL ALLEGATIONS AND FACTS

Mr. Lee is a citizen and resident of South Carolina. (ECF No. 1 ¶ 14.) Netgain is a Delaware limited liability company with its principal place of business in St. Cloud, Minnesota. (*Id.* ¶ 23; Decl. Jamie Gleason ¶ 2.) CareSouth is a South Carolina non-profit with its principal place of business in Hartsville, South Carolina. (ECF No. 1 ¶ 24.) The following will set forth the Class Action Complaint's jurisdictional allegations and the facts of Netgain's California operations.

### A.  The Class Action Complaint's Jurisdictional Allegations

The Complaint alleges that Netgain "is a cloud hosting and information technology services provider that provides services to several organizations in the healthcare and accounting industries nationwide." (*Id.* ¶ 22.) According to the Complaint, CareSouth is "one of Defendant Netgain's clients," operating as "a

3

Defendant Netgain's Notice of Motion And Motion to Dismiss For Lack Of Personal Jurisdiction;
Memorandum Of Points And Authorities in Support Thereof
Case No. 21-cv-1144-JLS-MSB

community health center providing a comprehensive set of services to its patients." (*Id.* ¶ 24.) Mr. Lee alleges that, "[a]s required in order to obtain medical services from CareSouth, [he] provided CareSouth with highly sensitive personal, financial, health, and insurance information." (*Id.* ¶ 17.)

The Complaint alleges that "[o]n or about December 3, 2020, Defendant Netgain's network servers were subject to a ransomware attack through which unauthorized third-party cybercriminals gained access to Plaintiff's and Class members' Personal and Medical Information." (*Id.* ¶ 30.) Mr. Lee claims that "[b]y taking possession and control of [his] and Class members' Personal and Medical Information, Defendants assumed a duty to securely store and protect the Personal and Medical Information of Plaintiff and the Class" and "Defendants breached this duty and betrayed the trust of Plaintiff and Class members by failing to properly safeguard and protect their Personal and Medical Information, thus enabling cyber criminals to access, acquire, appropriate, compromise, disclose, encumber, exfiltrate, release, steal, misuse, and/or view it." (*Id.* ¶ 8.)

The Complaint contains nine counts: Count I – Negligence; Count II – Invasion of Privacy; Count III – Breach of Third-Party Beneficiary Contract, Count IV – Breach of Implied Contract (Alternatively to Count IV [sic]); Count V – Breach of Confidence; Count VI – Breach of Implied Covenant of Good Faith and Fair Dealing; Count VII – Violations of South Carolina Code of Laws, S.C. Stat. Tit. 389, Ch. 5 §§ 10, *et seq.*; Count VIII – Violations of South Carolina Code of Laws, S.C. Stat. Tit. 39, Ch. 1 § 90; and Count IX – Declaratory Relief. None of these claims arise from any contacts between the parties and California. (*Id.* at 27–48.)

The Complaint's only jurisdictional allegation is that "[t]his Court has personal jurisdiction over Defendants because Defendant Netgain conducts much of its business in and has sufficient minimum contacts with California . . .

including promoting, selling, marketing, and distributing the Netgain brand and services at issue." (*Id.* ¶ 28.) Mr. Lee, however, does not allege he transacted with either defendant in California. The Complaint refers to a "California Attorney General Notice," but Mr. Lee does not allege he received it; to the contrary, the notice attached to the Complaint is from CareSouth sent to "Darlington Library" in South Carolina. (*Id.* 7, Ex. A.)

### B. Netgain's California Operations

Netgain does not have substantial operations in California. Netgain has one satellite office in San Diego, California. (Decl. Gleason ¶ 4.) This office is staffed by a few employees who provide IT services for certain customers, not including CareSouth. (*Id.* ¶ 6.) In fact, Netgain does not store any data at its California office. (*Id.* ¶ 5.) At no time was Mr. Lee's or any of SouthCare's data located or maintained in California. (*Id.*)

## V.     ARGUMENT

Federal Rule of Civil Procedure 12(b)(2) allows a court to dismiss a complaint based on lack of personal jurisdiction. When a defendant moves to dismiss an action for lack of personal jurisdiction, "the plaintiff[] bear[s] the burden of demonstrating that jurisdiction is appropriate." *Dole Foods Co. Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). The plaintiff must make a prima facie showing of jurisdictional facts to survive a motion to dismiss. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). A court may excise personal jurisdiction over a non-resident defendant if the applicable state's long-arm statute permits jurisdiction and if the exercise of jurisdiction does not violate federal due process. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013). Under California law, courts may exercise personal jurisdiction to the extent permitted by the Due Process Clause of the U.S. Constitution. *See* Cal. Civ. Proc. Code § 410.10. The Due Process Clause requires

that the defendant "'have certain minimum contacts' with the forum state such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Ranza*, 793 F.3d at 1068. A plaintiff may establish minimum contacts by invoking specific or general jurisdiction. *See id.*

**A. The Court lacks general jurisdiction over Netgain.**

General personal jurisdiction allows a court to hear any claim against a defendant regardless of whether the conduct at issue has any connection to the forum state. *Ranza*, 793 F.3d at 1068. In 2017, the U.S. Supreme Court decided *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017), which dramatically narrowed the scope of general jurisdiction, holding that only in an "exceptional case" may a court exercise general jurisdiction over a defendant anywhere other than its "place of incorporation and its principal place of business." Because of the broad reaching implications of general jurisdiction, a plaintiff must meet an "exacting standard" to establish the minimum contacts required. *See Andrade-Heymsfield v. Danone US, Inc.*, 2019 WL 3817948 at *4 (S.D. Cal. Aug. 14, 2019).

A court has general personal jurisdiction to hear any and all claims against a non-resident corporation when its affiliations with the forum state are "so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (internal quotations omitted). The defendant's affiliations or contacts must be "constant and pervasive." *Id.* at 751. Otherwise, a corporation is subject to general jurisdiction only in states where it is incorporated or headquartered. *See Ranza*, 793 F.3d at 1069; *In re Packaged Seafood Prod. Antitrust Litig.*, 338 F. Supp. 3d 1118, 1137 (S.D. Cal. 2018).

"Only in an 'exceptional case' will general jurisdiction be available anywhere else." *Ranza*, 793 F.3d at 1069. To determine whether a case is

6

DEFENDANT NETGAIN'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Case No. 21-cv-1144-JLS-MSB

exceptional, the court must conduct "an appraisal of a corporation's activities in their entirety, nationwide, and worldwide." *In re Packaged Seafood Prod. Antitrust Litig.*, 338 F. Supp. at 1137. However, general jurisdiction does not lie simply because "a defendant engages in a substantial, continuous, and systematic course of business in the forum." *In re Samsung Galaxy Smartphone Mktg. & Sales Pracs. Litig.*, 2018 WL 1576457, at *1 (N.D. Cal. Mar. 30, 2018) (internal quotations omitted).

In *Andrade-Heymsfield v. Danone US, Inc.*, the Southern District of California held that a California court could not exercise jurisdiction over defendant as to plaintiffs' out-of-state claims because the claims were not adequately connected to the forum state. *See* 2019 WL 3817948, at *4. In that case, defendant was headquartered in New York and incorporated in Delaware. *Id.*

Plaintiffs were required to establish that it was an exceptional case in order for the California court to assert general personal jurisdiction. *Id.* Plaintiffs alleged that defendant had been continuously registered to do business in California, had designated registered agents in California, and maintained manufacturing facilities, research facilities, farm land, and had solicited new employees for at least four different locations in California. *See id.* Nevertheless, the court found that "[t]hese allegations do not suffice to meet the 'so continuous and systematic as to render the foreign corporation essentially at home in the forum State' standard." *Id.*; *see also BNSF Ry. Co.* (holding that court lacked general jurisdiction over railroad even where it has "over 2,000 miles of railroad track and more than 2,000 employees" in the forum state).

Here, Netgain is a Delaware limited liability company with its principal place of business in St. Cloud, Minnesota. (ECF No. 1 ¶ 23; Decl. Gleason ¶ 2.) CareSouth is a South Carolina non-profit with its principal place of business in

7

DEFENDANT NETGAIN'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Case No. 21-cv-1144-JLS-MSB

Hartsville, South Carolina, where Plaintiff transacted with CareSouth. (ECF No. 1 ¶ 25.) At no time was Mr. Lee's or any of SouthCare's data located or maintained in California. (Decl. Gleason ¶ 5.) Mr. Lee's allegations do not arise out of any activity in California.

Mr. Lee therefore bears the burden of establishing that this is an exceptional case in order for the Court to have personal jurisdiction over Netgain in California. *See Andrade-Heymsfield*, 2019 WL at *4. Mr. Lee has not met his burden. He fails to allege he sought care from a customer of Netgain's in California, that his injuries were suffered in California, or that any of Defendants' conduct in California is in any way connected to his claims.

Instead, Mr. Lee broadly and vaguely alleges that "Defendant Netgain conducts much of its business in and has sufficient minimum contacts with California" and that "CareSouth and multiple other healthcare facilities who contracted with Defendant Netgain as their vendor began filing various state Attorneys General (including California) sample 'Notice of Data Security Incident' letters that mirrored the language of the Notice sent to Plaintiff and Class members." (ECF No. 1 ¶¶ 28, 31.) Mr. Lee does not allege he received anything from the California Attorney General. Instead, he alleges he received a notice from CareSouth sent to "Darlington Library" in South Carolina. (*Id.* 7, Ex. A.) Netgain does not in fact conduct substantial business in California. It has one satellite office in San Diego, California, staffed by only a few employees, who provide IT services for certain customers, not including CareSouth. (*Id.* ¶ 6.) Netgain does not store any customers' personal information data at its California office, including for Mr. Lee or CareSouth. (*Id.* ¶ 5.)

The Supreme Court expressly rejected the idea that a court may exercise general jurisdiction over a defendant in every state in which a defendant corporation "engages in a substantial, continuous, and systematic course of

8

DEFENDANT NETGAIN'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Case No. 21-cv-1144-JLS-MSB

business." *Daimler AG*, 134 S. Ct. at 761. Netgain only has minimal operations in California and none that are connected to Plaintiff or this action. Therefore, the Complaint's allegations are not sufficient to show that Netgain's business in California is "so continuous and systematic as to render the foreign corporation essentially at home in the forum State" as required by California and federal law. *See Andrade-Heymsfield*, 2019 WL 3817948 at *4. The Court cannot exercise general personal jurisdiction over Netgain.

### B. The Court lacks specific jurisdiction over Netgain.

A court may exercise personal specific jurisdiction when an action arises out of or relates to the defendant's contact with the forum state. *See Andrade-Heymsfield*, 2019 WL 3817948 at *4. In determining whether to assert specific jurisdiction over a non-resident defendant, the court will focus on the relationship between the defendant, the forum, and the litigation. *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). Defendant's conduct at issue in the litigation must create a "substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). In other words, the litigation itself must arise out of contacts that the defendant has with the forum state. *See Axiom Foods, Inc.*, 874 F.3d at 1068.

A court may exercise specific jurisdiction over a nonresident defendant if: (1) the defendant purposefully directs its activities or personally avails itself "to the privileges of conducting activities in the forum," (2) the claim arises out of or relates to the defendant's forum-related activities, and (3) the exercise of jurisdiction "comport[s] with fair play and substantial justice, i.e. it must be reasonable." *See id.* (citing *Dole Foods Co. Inc.*, 303 F.3d at 1111). The plaintiff bears the burden of establishing the first two elements. *See id.* If the plaintiff meets their burden, defendant must "present a compelling case that the exercise of jurisdiction would not be reasonable. *See id.* at 1069.

In this case, Mr. Lee cannot demonstrate the first two factors to establish specific jurisdiction. Mr. Lee fails to allege any action that Netgain "purposefully directed" at California. Rather, the Complaint only asserts that "Defendant Netgain conducts much of its business in and has sufficient minimum contacts with California." (ECF No. ¶ 28.) However, Netgain only has one satellite office in California that is staffed by only a few employees, none of whom provided services to CareSouth. (Decl. Gleason ¶ 4.) Further, Netgain does not store any data at its California office, including any data associated with Mr. Lee or CareSouth. (*Id.* ¶ 5.)

In addition, Mr. Lee cannot establish that the litigation arises out of or relates to Netgain's California-related activities. Mr. Lee provided his personal medical information to his South Carolina-based healthcare provider while he was physically in South Carolina. (ECF No. 1 ¶ 17.) Mr. Lee's information is not stored at Netgain's offices in California. (Decl. Gleason ¶ 5.) In short, there is no relationship between Netgain, the state of California, and Mr. Lee's claims. As such, this Court cannot exercise specific personal jurisdiction over Netgain and should dismiss the Complaint.

## VI.   CONCLUSION

The only relationship between Netgain and California is Netgain's satellite office staffed by only a few employees. Mr. Lee's allegations are insufficient to establish that the Court has general or specific personal jurisdiction over Netgain. As a result, the Court should dismiss the Complaint.

August 19, 2021                                                     TRESSLER LLP

                                                                    By:  ___*/s/ Michaela Battista Sozio*___
                                                                           Michaela Battista Sozio
                                                                           Attorneys for Defendant
                                                                           Netgain Technology, LLC

10

DEFENDANT NETGAIN'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 21-cv-1144-JLS-MSB

# CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2021, a copy of foregoing **DEFENDANT NETGAIN TECHNOLOGY, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

By: */s/  Michaela Battista Sozio*
Michaela Battista Sozio