1  Bibianne U. Fell (SBN 234194)
   **FELL LAW, P.C.**
2  Mailing: 11956 Bernardo Plaza Dr., Box 531
   San Diego, CA 92128
3  *Personal Service*: 402 W. Broadway, Suite 950
   San Diego, CA 92101
4  Telephone: (858) 201-3960
   Facsimile: (858) 201-3966
5  *bibi@fellfirm.com*

6  William B. Federman*
   Oklahoma Bar No. 2853
7  **FEDERMAN & SHERWOOD**
   10205 N. Pennsylvania Ave.
8  Oklahoma City, OK 73120
   Telephone: (405) 235-1560
9  Facsimile: (405) 239-2112
   *wbf@federmanlaw.com*
10 *Admitted *Pro Hac Vice*

11 *Counsel for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gerald S. Lee, individually and on behalf of all others similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>Netgain Technology, LLC,<br><br>Defendants. | Case No.: 3:21-cv-01144-JLS-MSB<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

COMES NOW Plaintiff Gerald S. Lee, individually and on behalf of all similarly situated persons, and hereby submits this opposition to Defendant Netgain Technology, LLC's ("Netgain") Motion to Dismiss for Lack of Personal Jurisdiction filed on August 19, 2021.

## I.  INTRODUCTION

Gerald Lee, the proposed Class Representative, seeks to hold Netgain responsible for the massive and preventable ransomware attack that harmed him and hundreds of thousands of other similarly situated individuals nationwide. As a result of Netgain's negligent data security practices and failure to protect its network servers, cybercriminals infiltrated Netgain's servers and accessed Class Members' highly sensitive personal and medical information ("the Data Breach"). Netgain now argues in its Motion to Dismiss that the Court lacks personal jurisdiction over it.

The motion should be denied because Netgain purposefully availed itself of the benefits and protections of California laws. Netgain advertised to the San Diego market, occupied a physical office in California, employed personnel in California (including IT personnel directly involved with Negain's data security practices, protocols, and procedures), and entered into contracts and maintained business relationships in California. When a corporation directs harmful conduct toward forum residents, it must be held accountable for the harm it inflicts.

Second, Lee alleges, upon information and belief, that but for Netgain's operations in California, the Data Breach would not have occurred, and many Class Members would not have been harmed. To the extent that the Court requires a more robust factual showing, Lee requests leave to conduct limited jurisdictional discovery.

///

///

///

## II. THE COURT HAS SPECIFIC PERSONAL JURISDICTION OVER NETGAIN

### a. Constitutional Limits

To establish personal jurisdiction over a party that does not reside in the forum state, the party asserting jurisdiction must show both that the long-arm statute of the forum state confers personal jurisdiction over the party challenging jurisdiction, and that the exercise of that jurisdiction will conform to the requirements of due process. *See Gray & Co. v. Firstenberg Mach. Co., Inc.,* 913 F.2d 758, 760 (9th Cir.1990); *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013). California's long-arm statute is consistent with federal due process requirements. *See* Cal. Code Civ. Proc. § 410.10; *Roth v. Garcia Marquez,* 942 F.2d 617, 620 (9th Cir.1991).

Due process requires that an out-of-state defendant have sufficient minimum contacts with the forum such that the exercise of in personam jurisdiction would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). There are two types of personal jurisdiction: specific and general. *Martinez v. Aero Caribbean,* 764 F.3d 1062, 1066 (9th Cir. 2014). Here, Lee concedes that the Court lacks general jurisdiction over Netgain. Netgain's contacts and conduct in California, however, make it subject to the Court's specific personal jurisdiction for the reasons below.

### b. Burden of Proof

The party seeking to invoke the jurisdiction of the federal court has the burden of establishing that jurisdiction exists. *Data Disc Inc. v. Systems Technology Associates Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). The quantum of proof required to meet that burden may vary depending on "mode of determination" by the trial court judge, i.e., the type of evidence which the plaintiff is permitted to present. *Id.*

If the court decides to only receive affidavits, or affidavits plus discovery materials, the plaintiff must only make a prima facie showing of jurisdictional facts through submitted materials. *Id*. Unless directly contravened, Lee's version of the facts is taken as true for the purpose of deciding whether a prima facie case exits. *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003).

If the pleadings and other submitted materials raise issues of credibility or disputed questions of fact, the district court has the discretion to take evidence at a preliminary hearing in order to resolve the contested issues. *Data Disc Inc.*, 557 F.2d at 1285. In this situation, the plaintiff must establish the jurisdictional facts by a preponderance of the evidence. *Id*.

If the Court decides to hold an evidentiary hearing and puts the plaintiff to his full proof on contested issues, the Court may first permit limited jurisdictional discovery to allow plaintiff to meet that higher standard. *See id.*, fn. 1; *see also Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430, fn. 24 (9th Cir. 1977) ("it is clear that a court may allow discovery to aid in determining whether it has…jurisdiction").

    **c.**    **The Ninth Circuit's Test for Establishing Specific Personal Jurisdiction**

The Ninth Circuit use a three-prong test for analyzing claims of specific personal jurisdiction. Specific jurisdiction exists where: (1) the defendant has purposefully directed his activities or consummated some transaction with the forum or resident thereof; or performed some act by which he purposefully availed himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its law; (2) the claim arises out of, or relates to, the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004.)

The plaintiff bears the burden of satisfying the first two prongs of the test. *Id*. If the plaintiff succeeds in satisfying both prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Id*. (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

### i.        Purposeful Availment

The first of the three requirements is "purposeful availment." *Schwarzenegger*, 374 F.3d at 802. Purposeful availment is fulfilled "if the defendant 'has taken deliberate action' toward the forum state." *Panavision Intern., L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) (quoting *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)). It is not required that a defendant be physically present or have physical contacts with the forum, "so long as his efforts are purposefully directed toward forum residents." *Id*. "The requirement of 'purposeful availment' is based on the presumption that it is reasonable to require a defendant who conducts business and benefits from his activities in a state to be subject to the burden of litigating in that state as well." *Brainerd v. Governors of the University of Alberta*, 873 F.2d 1257, 1259 (9th Cir. 1989).

Here, the uncontroverted allegations are that Netgain (1) advertises serving the San Diego market via its website[1]; (2) has a physical office in California; (3) employs personnel working in California; and (4) has California employees providing IT services to its customers, which includes California residents, contracting with California residents, and maintaining business relationships with California residents. Because Netgain has taken deliberate action toward the

---

[1] Netgain's website states: "[Netgain] has grown to include offices and data centers in Chicago, Minneapolis, San Diego and Phoenix." https://netgaincloud.com/about-us/ (last accessed August 26, 2021). The legal standard governing a motion to dismiss for lack of personal jurisdiction permits the Court to consider relevant materials outside the pleadings without taking judicial notice of those materials. *See Daimler AG v. Bauman*, 571 U.S. 117, 134 S.Ct. 746, 752, 187 L.Ed.2d 624 (2014).

forum state, purposefully directed toward forum residents, Lee has satisfied his burden of proving the "purposeful availment" prong.

Thus, Plaintiff has made a prima facie showing through undisputed facts that Netgain has availed itself of the benefits and protections of California law.

### ii.     Relatedness

The second prong of the jurisdictional analysis requires that the claim arise out of, or relates to, the defendant's forum-related activities. *Schwarzenegger*, 374 F.3d at 802.

The Supreme Court has not provided precise criteria regarding how to analyze the relatedness inquiry. Lawrence W. Moore, *The Relatedness Problem in Specific Jurisdiction*, 37 Idaho L. Rev. 583 (2001). The Ninth Circuit, however, has declared that "relatedness" means that there is "some nexus between the cause of action and the defendant's activities in the forum." *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 385 (9th Cir. 1990) (rev'd on other grounds, 499 U.S. 585). Courts use a "but for" test in making this determination, but "a restrictive reading of the 'arising out of' requirement is not necessary" because the third prong – reasonableness – provides protection from any unreasonable exercise of jurisdiction. *Id.*; *accord Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995).

Here, Netgain staffs its California office with IT personnel providing IT services for multiple customers, including California healthcare providers impacted by the same Data Breach that impacted Lee and the Nationwide Class Members. In the Complaint, Lee alleges that it was due to these very IT services, including Defendant's negligence and data security failures provided to its customers nationwide (including out of its California office), that the Data Breach occurred. *See* Complaint, ¶ 11. Lee also alleges that Netgain failed to provide training and protocols that were consistent with industry standards and requirements, which failures led to the Data Breach. *See* Complaint, ¶ 74.

In response, Netgain asserts that the Court does not have specific jurisdiction because Netgain does not store Mr. Lee's or CareSouth's data in the San Diego office. This fact is insufficient to establish that the Data Breach was unrelated to Netgain's conduct in California. Netgain's cybersecurity system is interconnected nationwide. Netgain's affidavits are devoid of facts showing the San Diego office had no responsibilities for the cybersecurity of Lee's or other Class Members' highly sensitive personal and medical information, had no access to Lee's or other Class Members' highly sensitive personal and medical information, or was not the critical weak point that led to the nationwide Data Breach; nor do Netgain's affidavits dispute the fact that but for Netgain's operations in California, many Class Members' information would not have even been on Netgain's interconnected systems to begin with and thus would not have been impacted by the Data Breach. If any of the foregoing is true, the Data Breach would not have occurred but for Netgain's negligent operations in California. Rather, Netgain artfully avoids factual representations that relate to the critical issues.

If the Court decides to conduct a preliminary hearing to decide these issues of fact instead of relying on affidavits, then Lee requests an opportunity to conduct discovery on these issues.

Because Plaintiffs have pled Netgain's California operations are related to the Data Breach that harmed Lee and other similarly situated Class Members, including the multiple causes of action brought by Lee on behalf of the proposed Nationwide Class, and Netgain's affidavits do not controvert this allegation, the Court has specific jurisdiction over Netgain.

### iii. Reasonableness

The final prong of the Ninth Circuit's specific personal jurisdiction test requires the exercise of jurisdiction to be reasonable. *Schwarzenegger*, 374 F.3d at 802. The burden shifts to the defendant to present a "**compelling case**" that

exercise of jurisdiction would not be reasonable. *Id*. Where a defendant deliberately engaged in significant activities within a state, he "manifestly has availed himself of the privilege of conducting business there . . . and it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well." *Burger King Corp.*, 471 U.S. at 476.

Netgain is unable to reach its heightened burden on this issue due to the same facts that satisfied the first two prongs above.

### III.   THE COURT SHOULD PERMIT JURISDICTIONAL DISCOVERY

Where the record is "not sufficiently developed" to enable the trial court to decide whether personal jurisdiction exists, the court must allow jurisdictional discovery. *Harris Rutsky & Co. Ins. Services, Inc.*, 328 F.3d at 1135 (remanding with instructions for the district court to permit discovery because "further discovery might well demonstrate facts sufficient to constitute a basis for jurisdiction"); *accord Gibson v. Chrysler Corp.*, 261 F.3d 927, 948 (9th Cir. 2001). "To the extent that the jurisdictional facts are disputed . . . the parties should be allowed to conduct discovery for the limited purpose of establishing jurisdictional facts before the claims can be dismissed." *Shamoun v. Republic of Iraq*, 441 F.Supp. 976, 1003 (S.D. Cal. 2020)).

The answers to the following questions will prove that the Data Breach would not have occurred but for Netgain's conduct in California:

- Did the Data Breach originate in California due to the acts and omissions of the San Diego office? In other words, was the San Diego office the system's "weak point?"
- Did the Data Breach occur as a result of Netgain's negligence and data security failures provided to its customers nationwide, including the negligence and data security failures of the San Diego office?
- Did the San Diego office enter into and/or manage contractual relationships leading to Netgain's possession and control over any of

the highly sensitive personal and medical Information compromised in the Data Breach?

- Did the San Diego office have responsibilities to safely secure Lee's and/or other Class Members' highly sensitive personal and medical information?

- Did the San Diego office have access to and/or control over Lee's or other Class Members' highly sensitive personal and medical information?

If the answer to any of these questions is "yes," then the Court has specific personal jurisdiction over Netgain.

Lee has made a prima facie showing of personal jurisdiction through undisputed facts that Netgain purposefully avails itself of the forum state. If the Court requires a further factual showing that the Data Breach would not have occurred but for Netgain's conduct in the forum state, then it should permit limited discovery on these narrow issues prior to a preliminary hearing.

## IV.  CONCLUSION

For the foregoing reasons, the Court should deny Netgain's Motion to Dismiss for Lack of Personal Jurisdiction, or, in the alterative, grant the parties leave to conduct jurisdictional discovery.

DATED:  September 16, 2021                               **FELL LAW, P.C.**

_____
Bibianne U. Fell
**Attorneys for Plaintiffs**